UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FNU LNU a/k/a CRUZ MANUEL RAMOS,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

22-CV-5695 (LTS)

06-CR-172-2 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On July 1, 2022, the Court reviewed a letter submitted by Petitioner Cruz Manuel Ramos aka FNU LNU, and directed the Clerk of Court to open it as a new civil action under 28 U.S.C. § 2255, challenging the amended judgment of conviction entered on February 1, 2021. (*See* Docket Entry No. 341.) For the reasons set forth below, the Court denies the motion without prejudice.

      The Court declines to address the merits of Petitioner's Section 2255 motion at this time because of the Government's pending direct appeal of the amended judgment, which is currently stayed. *See United States v. Santamaria*, No. 21-498, ECF no. 22 (2d Cir. June 1, 2021) (staying appeal pending the Supreme Court's decision in *United States v. Taylor*, No. 20-1459). Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal," *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006), and that "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity," *Outen*, 286 F.3d at 632; Advisory Committee's Note to Rule 5 of the Rules Governing Section 2255 Proceedings ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").

Because the Government has a pending direct appeal before the Court of Appeals for the Second Circuit, this Section 2255 motion is premature. The Court denies the Section 2255 motion without prejudice to Petitioner's refiling a new motion after disposition of the direct appeal, should relief still be necessary.[1]

SO ORDERED.

Dated: July 14, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Any new motion Petitioner files must comply with Rule 2 of the Rules Governing Section 2255 Proceedings, which provides that a Section 2255 motion

> must (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

A motion must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.